UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE INGLE, an individual

    Plaintiff,

v.                                    Case No:  2:14-cv-544-FtM-38DNF

JOHN JOSEPH JANICK, M.D., P.A.
and JOHN J. JANICK,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Michelle Ingle's Motion to Dismiss the Defendants' Counterclaim and Motion to Strike Attorney's Fees Claims (Doc. #16) filed on October 6, 2014.  The Defendants/Counter-Plaintiffs did not file a response to the Motion to Dismiss and the time to do so has expired.

## FACTS

Ingle was employed with the Defendants/Counter-Plaintiffs (Janick) for a period of approximately eighteen (18) years.  Janick alleges in the Counterclaim that once Ingle realized that her termination was imminent she began stealing equipment to set up a competing mobile lab. (Doc. #13, ¶ 11).  Janick alleges that in total, Ingle has stolen approximately $75,000.00 in equipment from the Janick Medical Group. (Doc. #13, ¶ 11).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Janick alleges that Ingle substantially reduced her hours yet continued to represent that she was still working full time. (Doc. #13, ¶ 12). Janick states that Ingle would come in early, leave, and then represent that she had worked all day on her time sheets. (Doc. # 13, ¶ 12). Janick alleges that Ingle used Janick Medical Group's services without authorization for herself and family members without paying for said services. (Doc. #13, ¶ 13).

Janick also states that one of Ingle's benefits was having her car payment made by Janick Medical Group. Due to her seniority with Janick Medical Group, Ingle was allowed to set up a direct debit from Janick's employer's operating account directly to the auto financing company. (Doc. # 13, ¶ 14). After Ingle was terminated, she continued to draw funds from Janick Medical Group's account to pay for her auto financing even after she was directed to terminate her auto debit from the account. (Doc. #13, ¶ 14).

As a result, Janick filed the instant one count Counterclaim alleging a state law claim of conversion. Ingle now moves to dismiss the Counterclaim.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, 556 U.S. 662, 667, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## **DISCUSSION**

Ingle moves to dismiss Janick's Counterclaim arguing: (1) Janick fails to state a claim upon which relief can be granted. Ingle also moves to strike or in the alternative to

deny Janick's claim for attorney's fees, and (2) Janick's state law conversion claim does not have a reasonable nexus to her False Claim Act Complaint.

### (1) *Whether Janick States a Claim for Conversion*

Ingle claims Janick fails to state a claim for conversion arguing that Janick does not state what physical property was converted. In addition, Ingle argues that Janick's claims for money cannot be the subject of a conversion claim.

Under Florida law, the tort of conversion is defined as an (1) act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with an ownership therein. Amegy Bank Nat. Ass'n v. Deutsche Bank Corp., 917 F.Supp.2d 1228, 1236 (M.D. Fla. 2013) (citing Tambourine Comercio Int'l SA v. Solowsky, 312 Fed. Appx. 263, 271–72 (11th Cir.2009)). "The generally accepted rule is that demand and refusal [by the rightful property owner] are unnecessary where the act complained of amounts to a conversion ...." Id. at 272 (quoting Goodrich v. Malowney, 157 So.2d 829, 832 (Fla.Dist.Ct.App.1963)). Thus, in order to state a claim of conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property. Edwards v. Landsman, 51 So.3d 1208, 1213 (Fla. 4th DCA 2011).

### (a) *Conversion of Medical Equipment*

Janick alleges that in total, Ingle has converted approximately $75,000.00 in equipment from Janick Medical Group in order to set up a competing mobile lab. (Doc. #13, ¶ 11). Janick's Counterclaim is woefully inadequate. As noted above, the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," however, it does demand more than an unadorned, "the-defendant-unlawfully-harmed-

me accusation." Sinaltrainal, 578 F. 3d at 1268. Here, Jannick's Counterclaim merely recites a series of barebones allegations that Ingle took equipment from the Janick Medical Group without stating what type of equipment or when said equipment was taken. As such, the Counterclaim for conversion of Janick Medical Group's equipment is dismissed.

### (b) *Conversion of Auto Payments and False Wages*

Janick also states that Ingle, in effect, converted money from the Medical Group by claiming pay for hours that she did not actually work, and by taking an unknown amount of funds from the Medical Group's account to finance her automobile. Janick's Counterclaim fails to state a claim for relief because a conversion claim for money requires that the funds be specific and identifiable. Deforest v. Johnny Chisholm Global Events, LLC, 2010 WL 1792094, * 12 (N.D. Fla. 2010) (citing Warshall v. Price, 629 So. 2d 903 (Fla. 4th DCA 1993); *See* Bel-Bel Intern. Corp. v. Comm'ty Bank of Homestead, 162 F. 3d 1101, 1109 (11th Cir. 1998) (as a general rule money cannot be the subject of a conversion claim)

When a conversion claim concerns money, as is the case here, the money must be "deposited into an account designed to keep the money segregated and identifiable ... or where there is an obligation or fiduciary duty to keep the money segregated." Batlle v. Wachovia Bank, N.A., No. 10–21782, 2011 WL 1085579, at *2 (S.D. Fla. Mar. 21, 2011). "Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit ...." Solowsky, 312 Fed.Appx. at 272 (quoting Belford Trucking v. Zagar, 243 So.2d 646, 648 (Fla.Dist.Ct.App.1970)). This identification requirement

ensures that money actually exists to pay off a specific debt and the claimant is not merely trying to enforce a contract dispute by a conversion claim. Solowsky, 312 Fed. Appx. at 272.

Janick does not state a specific amount of funds claimed in the Counterclaim nor does Janick claim that the funds at issue were separate funds set aside to pay off a specific debt. Instead, Janick claims the alleged conversion of money was for funds used to pay an unknown amount for Ingle's auto financing and a claim for wages paid due to falsified time sheets. Since Janick's Counterclaim does not include a conversion claim for money that was segregated and identifiable, Janick fails to state a claim for conversion of money. As such, the Motion to Dismiss the Counterclaim for conversion of funds is due to be granted.

### (c) Janick's Claim for Attorney Fees

Janick's Counterclaim makes a claim for attorney's fees and costs. (Doc. #13, p. 3). Ingle moves to strike the fee request or in the alternative to deny the claim. As grounds, Ingle states that Janick failed to state a legal basis for the claimed attorney's fees and costs. Given that Ingle's Motion to Dismiss Janick's counterclaim is due to be granted, there is no good cause to award attorney's fees and costs. Janick's request for attorney's fees and costs is therefore denied.

### (2) Whether Counterclaim Arises Out of the Same Nucleus of Facts

Ingle argues the Counterclaim should be dismissed because the claims in the Counterclaim are wholly unrelated to her retaliation claim under the federal False Claim Act and Florida's Whistleblower Act. As such, Ingle argues that this Court does not have supplemental jurisdiction over Janick's Counterclaim.

6

Janick's Counterclaim for Conversion arises under state law and does not meet the requirements for subject matter jurisdiction under 28 U.S.C. § 1332, because the Parties are not diverse. Accordingly, the Court has no independent jurisdiction over them. Therefore, the Court may take and maintain subject matter jurisdiction over Janick's Counterclaim only if supplemental jurisdiction is authorized under 28 U.S.C. § 1367. Cruz v. Winter Garden Realty, LLC, 2012 WL 6212909, *2 (M.D. Fla. November 27, 2012). Because the Court has determined that Janick's Counterclaim fails to state a claim upon which relief can be granted, there is no need to make a determination regarding the Court's supplemental jurisdiction under 28 U.S.C. § 1367 at this point in the proceedings.

(3) *Janick's Counterclaim is Improperly Filed*

Further, Janick's Counterclaim and other filings before the Court do not conform to the requirements of the Local Rules of the Middle District of Florida.  Pursuant to the Local Rules:

> Although a quotation of three (3) lines or more may be single-spaced and indented and a footnote shall be single-spaced in no smaller than ten-point type, all pleadings and other papers tendered by counsel for filing shall be typewritten, double spaced, in at least twelve-point type, and, if filed on paper, shall be on opaque, unglazed, white paper eight and one-half inches wide by eleven inches long (8½ x 11), with one and one-fourth inch tip, bottom and left margins and one and one-fourth inch right margin.  Only one side of the paper may be used.

M.D. Fla. Local Rule 1.05(a).  In the future, all of Janick's filings must be submitted in the proper form as described in the Local Rules or the relief requested may be denied without further notice and the filing could be stricken from the record.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Michelle Ingle's Motion to Dismiss the Defendants' Counterclaim and Motion to Strike Attorney's Fees ([Doc. #16](Doc. #16)) is **GRANTED**.

- The Defendants/Counter-Plaintiffs, John Joseph Janick, M.D. and the Janick Medical Group's Counterclaim (Doc. # 13) is hereby **DISMISSED without prejudice**.
- The Defendants/Counter-Plaintiffs may file an Amended Counterclaim on or before **December 3, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of November, 2014.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record