UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE INGLE, an individual

    Plaintiff,

v.                                    Case No: 2:14-cv-544-FtM-38DNF

JOHN JOSEPH JANICK, M.D., P.A.
and JOHN J. JANICK,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff, Michelle Ingle's Motion for Rule 11 Sanctions (Doc. #21) filed on October 26, 2014. The Defendants filed their Amended Response (Doc. #23) on October 31, 2014. The Motion is now fully briefed and ripe for the Court's review.

## FACTS

Ingle filed a five count Complaint alleging the Defendants violated the False Claims Act 31 U.S.C. § 3730(h) (Counts I and II) and that the Defendants violated Florida's False Claim Act Fla. Stat. § 68.088 (Counts III and IV). In addition, Ingle claimed the Defendants violated Florida's Private Whistleblower Act, Fla. Stat. § 448.102(3) (Count V).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Ingle claims the Defendants retaliated against her beginning in January 2014 after she informed them that their billing practices were in violation of the federal False Claims Act.  Thereafter, Ingle claims that the office environment became so hostile it made her ill and she was forced to take sick leave.  Ingle eventually resigned over the alleged hostile environment and alleged improper Medicare billing practices.  Ingle alleges the resignation was in fact a constructive discharge forced on her in retaliation for her disclosure the alleged improper billing practices.

In response to Ingle's Complaint, the Defendants filed a Counterclaim (Doc. #13) on September 30, 2014.  In the Counterclaim the Defendants allege a single count of Conversion alleging: (1) that Ingle took $75,000.00 worth of medical equipment to create a completing mobile medical unit; (2) falsified payroll time records in order to be paid for time she did not work; and (3) continued to draw her car payments on the Medical Groups employer account after she was terminated.

Prior to filing the Defendants' Counterclaim, Janick's Counsel sent Ingle's Counsel and e-mail which states in pertinent part:

> We are in the process of e-filing the attached counter-claim now. **I am filing this more to help you understand what (not who, but what) your client is**, and the lack of merit in the claim against my clients.
>
> When you read the counter-claim, I want you to realize how much harsher this could have been written. In addition to conversion, there are claims for breach of fiduciary duty, breach of duty of loyalty, theft of corporate opportunity, and fraud here. I could have sent a civil theft letter under F.S. 772.11 to seek treble damages + attorney fees. Maybe I could even start a "false claims act" claim since your client is now apparently providing medical services without a license. **I could bring you or your firm into this for champerty and barratry (or the modern equivalent - abuse of process).**
>
> I don't want to pursue any of this for one simple reason - we both know your client is personally penniless, and even if the ultimate trier of fact gives me everything I've ever hoped or dreamed, all I'm going to get out of this is a

piece of paper awarding my client monies that your client will never be able to pay.  **Unless I absolutely have to, I don't like going after other attorneys.**

(Doc. #21 at 4) (emphasis in original)[2].

In response to the Defendants Counterclaim and the allegations contained in personal correspondence to Ingle's Counsel, Ingle now moves the Court for sanctions pursuant to Fed. R. Civ. P. 11.

## STANDARD OF REVIEW

The purpose of Rule 11 sanctions is to reduce frivolous claims defenses, or motions and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001).  Rule 11 requires district courts to impose appropriate sanctions, after notice and a reasonable opportunity to respond where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact and therefore has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. Ricccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (citing Fed. R. Civ. P. 11(b)).  Rule 11 incorporates a subjective standard whereby the court determines whether or not a reasonable attorney in like circumstances could believe his actions were factually and legally justified. Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003).

When testing conduct under Rule 11, a court is to use an objective standard and examine the reasonableness of the conduct under the circumstances and what was

---

[2] While the Court declines to level Rule 11 sanctions at this time, the language used in counsel's e-mail is inappropriate.  The Preamble to the Florida Bar Rules of Professional Conduct states that attorneys have a "duty of courtesy and cooperation with fellow professionals for the efficient administration of our system of justice and the respect of the public it serves."  The Court cautions Counsel for the Defendants that his future correspondence and communications with opposing counsel and the Court must comply with the spirit of courtesy and respect set forth by the Florida Bar.

reasonable to believe at the time the pleading was submitted. Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc., No. 8:03-cv-2671-T-30MAP, 2006 WL 4792784 * 2 (M.D. Fla. Sept.14, 2006) (citing Baker v. Alderman, 158 F. 3d 516, 524 (11th Cir. 1998)). "In making this determination a two step inquiry is required: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Custom Mfg., 2006 WL 4792784 at * 2. The advisory committee notes and the text of Rule 11 itself state that Rule 11sanctions apply to *pro se* litigants as well as attorneys. Fed. Rule Civ. P. 11(b). Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when the party's evidence to support a claim is "merely weak." Ricccard, 307 F.3d at 1294 (citing Baker, 158 F.3d at 524).

## **DISCUSSION**

Ingle argues the Defendants' Counterclaim and other filings are frivolous and brought for improper purposes. Specifically, Ingle claims the Defendants' Counterclaim was brought to discredit and smear Ingle herself. Ingle argues the allegations in the Defendants' e-mail demonstrates that the Counterclaim was filed to smear her name rather than to bring a proper claim before the Court. Thus, Ingle claims the Counterclaim was brought for an improper purpose.

Ingle also states that the Defendants acknowledged in a previous matter (not before this Court) that Ingle resigned and was not terminated from her employment in contrast to the Counterclaim which claims Ingle was terminated for cause. Thus, Ingle states the Defendants deliberately filed false information with the Court in their Counterclaim. Ingle further contends the Counterclaim was filed with the knowledge that

4

this Court could not possibly have jurisdiction over the alleged claims. As such, Ingle argues that Rule 11 sanctions should be imposed against the Defendants for filing improper and false claims with the Court.

The Defendants respond that the Counterclaim was not filed in bad faith nor for improper purposes but to make a proper claim that Ingle stole medical equipment, lied on her time card, stole services and took money directly from the Defendants' operating account to pay her own expenses.

Rule 11 sanctions are appropriate when an attorney submits filings that are not legally tenable, submitted in bad faith, or are submitted for an improper purpose. Riccard, 307 F. 3d at 1294. There was nothing presented in Janick's Counterclaim at the time the pleading was submitted that warrants Rule 11 sanctions. Therefore, the Motion for Rule 11 sanctions is due to be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff, Michelle Ingle's Motion for Rule 11 Sanctions (Doc. #21) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5