UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE INGLE, an individual

    Plaintiff,

v.                                Case No: 2:14-cv-544-FtM-38DNF

JOHN JOSEPH JANICK, M.D., P.A.
and JOHN J. JANICK,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Counter-Defendant/Plaintiff's (Ingle) Motion to Dismiss Second Amended Counterclaim (Doc. #36) filed on December 24, 2014. The Defendants/Counter-Plaintiffs did not file a response to the Motion to Dismiss and the time to do so has expired.

## FACTS

Ingle was employed with the Defendants/Counter-Plaintiffs (Janick) for a period of approximately eighteen (18) years. (Doc. #35, ¶9). Janick alleges that sometime around December 2012, Ingle wrote herself a bonus check in the amount of $10,000 without first receiving permission to do so from Janick. (Doc. #35, ¶11). Janick alleges in the Second Amended Counterclaim that once Ingle realized that her termination was imminent she

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

begin stealing equipment to set up a competing mobile lab. (Doc. #35, ¶19). Janick alleges that in total, Ingle has stolen approximately $75,000.00 in equipment from the Janick Medical Group. (Doc. #35, ¶ 18-19). Janick alleges that Ingle substantially reduced her hours yet continued to represent that she was still working full time. (Doc. #35, ¶27). Janick continues that Ingle would come in early, leave, and then represent that she had worked all day on her time sheets. (Doc. # 35, ¶28). Ingle would also represent that she was in the office during sick days and vacation days to ensure that she received a full paycheck. (Doc. #35, ¶29). Janick claims Ingle used Janick medical services for herself and family members without paying for said services and without Janick's authorization. (Doc. #13, ¶ 13).

Janick also states that one of Ingle's benefits was having her car payment made by Janick Medical Group. (Doc. #35, ¶32). Due to her seniority with Janick Medical Group, Ingle was allowed to set up a direct debit from Janick's employer's operating account directly to the auto financing company. (Doc. #35, ¶32). After Ingle was terminated she continued to draw funds from Janick Medical Group's account to pay for her auto financing even after she was directed to terminate her auto debit from the account. (Doc. #35, ¶32).

Janick initially filed a one count Counterclaim alleging a state law claim of conversion. The initial Counterclaim was dismissed and Janick was allowed to file an Amended Counterclaim. (Doc. #30). Janick was subsequently granted leave to file a Second Amended Counterclaim (Doc. #36), which is at issue in the instant Motion to Dismiss.

**STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252,  1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, 556 U.S. 662, 667, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868  (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim

for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## DISCUSSION

Ingle argues the Court should decline to take supplemental jurisdiction over Janick's counterclaims because Janick failed to provide a reasonable nexus for her claims to Ingle's Complaint which established the Court's original jurisdiction. Further, Ingle states that Counts I, II, III, and IV fail to state a claim under the Towmbly and Iqbal standards.

*Whether the Court Should Take Supplemental Jurisdiction Over the Counterclaims*

Ingle argues the Court should decline to take supplemental jurisdiction over Janick's counterclaims because the claims do not have a reasonable nexus to Ingle's False Claim Act claim which forms the Court's original jurisdiction.

This Court clearly has federal question jurisdiction over Ingle's False Claim Act (FCA) claim pursuant to 31 U.S.C. § 3729 in accord with 28 U.S.C. § 1331. However, there is no independent basis for federal jurisdiction over the counterclaims. The four claims arise under state law not under federal law, there is no allegation of complete diversity of citizenship—both Parties are citizens of Florida— and no other basis for original federal jurisdiction is asserted. Defendant does not provide any argument that

any counterclaims fall within the federal court's jurisdiction. The only possible statutory basis for federal jurisdiction over the counterclaims is 28 U.S.C. § 1367.

Because of the federal jurisdiction over plaintiff's claim, the Court also has supplemental jurisdiction over state claims to the extent authorized by 28 U.S.C. § 1367. Pursuant to § 1367, the Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Yeseren v. Cksingh Corp., WL 4023524, *3-4 (M.D. Fla. October 13, 2010)(citing 28 U.S.C. § 1367(a)). Section 1367 "defines the permissible boundaries for the exercise of supplemental jurisdiction; that is, it delineates the power of the federal courts to hear supplemental claims and claims against supplemental parties." Estate of Amergi ex rel. Amergi v. Palestinian Auth., 611 F.3d 1350, 1366 (11th Cir.2010) (citation omitted).

Section 1367(a) thus authorizes a district court to hear supplemental claims to the full extent allowed by the "case or controversy" standard of Article III of the Constitution. Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742–43 (11th Cir.2006). The constitutional "case or controversy" standard, in turn, confers jurisdiction over all claims which arise out of a common nucleus of operative facts with the federal claim. Yeseren, WL 4023524, at *3-4 (citing Parker, 468 F.3d at 742–43); Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1563–64 (a federal court has the power under section 1367(a) to exercise pendent jurisdiction over state claims which arise from the same occurrence and involve the same or similar evidence)). A state cause of action which requires more proof than the federal claim is still within the court's supplemental jurisdiction if "both claims clearly arise from the same set of facts." Milan Exp., Inc. v.

Averitt Exp., Inc.*,* 208 F.3d 975, 980 (11th Cir.2000); Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Fla.*,* 177 F.3d 1212, 1223–24 (11th Cir.1999).

Ingle argues that Janick's counterclaims have no connection to her original FCA claim. In Count I, Civil Theft, Janick claims that Ingle wrote herself a Christmas bonus check in the amount of $10,000.00 without authorization from Janick or Janick Medical Group. Count II alleges that Ingle converted $75,000.00 worth of medical equipment in order to set up a competing mobile lab. Count III claims that Ingle was unjustly enriched because she claimed time on her time sheet for hours she did not work. Thus, she was paid wages for work she did perform. And finally, Count IV alleges that Ingle breached her duty of loyalty to Janick and Janick Medical Group.

After a review of the counterclaims the Court concludes that none of Janick's counterclaims arise out of the same common nucleus of operative facts as Ingle's FCA claim. Ingle's FCA claim is based upon allegations that Janick and Janick Medical Group used non-credentialed technicians to perform ultrasounds and then charged Medicare for those services. (Doc. #1, ¶13). None of the counterclaims arise out of a common nucleus of operative facts or circumstances nor have a logical relationship to Ingle's claim that Janick abused the Medicare payment system by conducting improper ultrasounds and collecting fees for same. In fact, Janick's counterclaims are wholly distinct and unrelated to the underlying FCA claim. Absent a showing that there is a legally relevant connection between the alleged counterclaims and Ingle's FCA claim, the Court cannot conclude that any of the counterclaims arise from a common nucleus of operative facts. As such, the Court declines to take supplemental jurisdiction over Janick's counterclaims.[2] *See*

---

[2] Janick does not bring his counterclaims pursuant to Fed. R. Civ. P 13(a) as compulsory counterclaims. Even if Janick did seek to bring his claims under Rule 13, the Court would reach the same conclusion as

Yeseren, WL 4023524, at *3-4 (declining to take supplemental jurisdiction over counterclaim because the counterclaim did not arise out of the same nucleus of operative facts as the plaintiff's original FLSA claim).

The Court has determined that it will not take supplemental jurisdiction over Janick's counterclaims because they do not arise from a common nucleus of operative facts and are not reasonably related to Ingle's FCA claim.  Therefore, the issue of merit is not relevant at this point and the counterclaims are due to be dismissed.  However, nothing would prevent Janick from raising the counterclaims as a rationale for Ingle's termination in defense of her retaliation claim under the FCA.  Janick may also choose to file the claims addressed in the counterclaims in the appropriate forum.

Accordingly, it is now

**ORDERED:**

The Counter-Defendant/Plaintiff's Motion to Dismiss Second Amended Counterclaim ([Doc. #36](Doc. #36)) is **GRANTED**.  John Joseph Janick's Second Amended Counter-Claim ([Doc. #35](Doc. #35)) is hereby **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of April, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

Rule 13(a) also requires the counterclaim to "arise out of the same transaction or occurrence as the opposing party's claim. . . ." Fed. R. Civ. P. 13(a)(1).